ALD-118                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1060
_____

UNITED STATES OF AMERICA

v.

AVA BLACKWELL,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 3-17-cr-00009-001)
District Judge:  Honorable Kim R. Gibson

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 11, 2021

Before:  MCKEE, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 25, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Ava Blackwell appeals from the District Court's order denying her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d. Cir. I.O.P. 10.6.

I.

In 2017, Blackwell pleaded guilty to conspiring to distribute and possess with intent to distribute less than 100 grams of heroin and a quantity of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. The District Court sentenced Blackwell to a term of imprisonment of 108 months, which was below the Guidelines range of 151 to 188 months' imprisonment. She is currently confined at the Federal Correctional Institution, Hazelton ("FCI Hazelton") in the Secure Female Facility ("SFF Hazelton") in Bruceton Mills, West Virginia.

On September 18, 2020, Blackwell filed a motion for compassionate release, arguing that her asthma, bronchitis, bipolar depression, and anxiety rendered her especially vulnerable to COVID-19 while incarcerated at FCI Hazelton. See generally 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction"). She also asserted that FCI Hazelton was without water for five days in June following a water main break, during which the inmates were locked in their cells for 24 hours a day; that when the water returned, it was

2

contaminated, tinted, and foul smelling; and that inmates had been given expired hand sanitizer, some having expired as long ago as 2016. Furthermore, she alleged that there have been confirmed cases of COVID-19 at FCI Hazelton, but staff have failed to test inmates. Blackwell sought to reduce her sentence to time served. The Government argued that Blackwell's medical conditions and risk of contracting COVID-19 did not constitute extraordinary and compelling reasons for a sentence reduction and that the factors set forth in 18 U.S.C. § 3553(a) counseled against Blackwell's release.

After appointing counsel for Blackwell, the District Court denied the motion. The Court concluded that Blackwell failed to establish extraordinary and compelling reasons for a sentence reduction based on her medical conditions because she had not shown that her asthma was moderate or severe, she was receiving treatment for her bipolar depression, and neither bronchitis nor anxiety were included on the Center for Disease Control's list of conditions that might place an individual at an increased risk for severe illness from COVID-19. The District Court determined also that Blackwell's generalized concerns about COVID-19 at FCI Hazelton and SFF Hazelton were insufficient to justify a reduction to her term of imprisonment. Furthermore, the Court ruled that even if Blackwell's medical conditions constituted extraordinary and compelling reasons warranting a sentence reduction to her term of imprisonment, the § 3553(a) sentencing factors did not support a reduction to her term of imprisonment.

This appeal ensued. In this Court, the Government has moved for summary affirmance.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's ruling on a motion for compassionate release under § 3582(c)(1)(A)(i) for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's order if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

We discern no abuse of discretion in the District Court's decision to deny Blackwell's motion. The compassionate-release provision states that a district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense";

4

"to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

We cannot say that the District Court committed a clear error of judgment in concluding that a number of the § 3553(a) factors—including the need to reflect the seriousness of the offense, protect the public, and promote respect for the law—precluded granting compassionate release here. Moreover, the District Court reasonably determined that the fact that Blackwell had only served approximately half of her sentence at the time the motion was filed weighed against reducing her sentence to "time served." See, e.g., Pawlowski, 967 F.3d at 330 (concluding that a district court had not abused its discretion in denying a motion for compassionate release because, among other reasons, the defendant had served only a small portion of his sentence).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.